# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| JERREMY RAY, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:16-CV-00115-RWS-CMC |
| v. | § | |
| WARDEN J. WILSON, ET AL., | § | |
| Defendants. | § | |

## ORDER

The Plaintiff Jerremy Ray, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of violations of his constitutional rights. The case was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiff originally filed his complaint against numerous Defendants. The claims against all Defendants except for Captain Studdard have been transferred or dismissed without prejudice. Docket No. 42. After Captain Studdard was ordered to answer the lawsuit, the Texas Attorney General advised the Court that Captain Studdard was no longer employed by the Texas Department of Criminal Justice, and the Attorney General lacked authorization to file responsive pleadings on her behalf. Docket No. 35. The Court issued process and directed the U.S. Marshal to serve Captain Studdard at her last known address. Docket No. 38. Service was returned unexecuted because Captain Studdard no longer resided at that address. Docket No. 40.

On November 14, 2018, the Court issued an order giving Plaintiff until December 21, 2018, to furnish a valid address for Captain Studdard or to show cause why the claims against Captain Studdard should not be dismissed for failure to effect service of process. Docket No. 48 (citing

*Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (responsibility for effecting service ultimately rests upon the plaintiff)). Plaintiff received the order on November 19, 2018, but has not responded.

On March 5, 2019, the Magistrate Judge issued a Report recommending dismissal of the claims against Captain Studdard for failure to effect service of process. Docket No. 50 at 4. The Magistrate Judge also recommended suspension of the statute of limitations for 120 days following the entry of final judgment. *Id.*

Plaintiff received a copy of the Magistrate Judge's Report but filed no objections thereto; accordingly, he is not entitled to *de novo* review by the District Judge of those findings, conclusions and recommendations, and except upon grounds of plain error, he is barred from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. 28 U.S.C § 636(b)(1)(C); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Nonetheless, the Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge and agrees with the Report of the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) ("[T]he statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sound discretion of the judge warrants.' ") (quoting *Mathews v. Weber*, 23 U.S. 261, 275 (1976)). It is accordingly

**ORDERED** the Report of the Magistrate Judge (Docket No. 50) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the Plaintiff's claims against the Defendant Captain Studdard are **DISMISSED WITHOUT PREJUDICE** for failure to effect service of process. It is further

**ORDERED** the statute of limitations on the Plaintiff's claims against Captain Studdard is **SUSPENDED** for a period of 120 days following the date of entry of final judgment in this case. Should Plaintiff ascertain a current and valid address for Captain Studdard within this period, he may refile his lawsuit or seek the reopening of the present one.

**So ORDERED and SIGNED this 8th day of July, 2019.**

*[signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE